THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Faint

February 28, 2019

Cancellation No. 92066245

*The Coffee Studio LLC*

*v.*

*Reign LLC dba Coffee Studio*

**Before Zervas, Lykos and Greenbaum,
Administrative Trademark Judges.**

**By the Board:**

On February 7, 2018, the Board approved the parties' stipulation to set June 12, 2018 as the closing date of Petitioner's testimony period.[1] Petitioner did not file any evidence or introduce any testimony during its testimony period, and Respondent filed on June 13, 2018 a motion seeking dismissal of the petition to cancel with prejudice under Trademark Rule 2.132(a), 37 C.F.R. § 2.132(a).[2]

---

[1] 7 TTABVUE 1.

[2] 9 TTABVUE. Respondent seeks relief in the alternative under Trademark Rule 2.132(b), 37 C.F.R. § 2.132(b). Trademark Rule 2.132(b) provides that if there is no evidence other than a plaintiff's pleaded registration, a defendant may move for dismissal on the ground that plaintiff has shown no right to relief. However, Rule 2.132(b) is not applicable to this proceeding, as Petitioner did not plead ownership of a registration.

Petitioner opposed Respondent's motion and moved (1) to strike the motion because it was improperly served, and (2) to reopen Petitioner's testimony period because Petitioner's failure to timely file evidence is excusable. Petitioner filed evidence when it responded to Respondent's motion to dismiss, presumably assuming its motion to reopen would be granted.

We first consider Petitioner's motion to strike Respondent's motion; in the event we grant Petitioner's motion, we need not consider Respondent's motion to dismiss.

**Petitioner's Motion to Strike Respondent's Motion for Lack of Service**

The certificate of service for Respondent's motion states that the motion was served "electronically via email to" the email addresses of record for Petitioner's counsel.[3] Petitioner argues that, instead of actually serving the motion by email, Respondent's counsel merely relied upon the email notice automatically generated by ESTTA, the Board's electronic filing system, which email was sent to Petitioner's counsel's address of record with a link to the motion as it appears in TTABVUE, the Board's electronic docket. Petitioner argues that this is not proper email service as nothing was actually served by Respondent upon Petitioner.

Respondent's counsel admits that it relied upon the ESTTA-generated email, and argues that because that email contains an electronic link to the motion in ESTTA, service is proper. Respondent asserts that Petitioner received the ESTTA email notice with the embedded link. Even if this was not proper service, Respondent argues, Petitioner's counsel received actual notice of the motion with sufficient time to

---

[3] 9 TTABVUE 5.

respond, as is reflected in Petitioner's filing of its response and related motions within six days of the filing of the motion to dismiss. Any potential prejudice to Petitioner, Respondent argues, was eliminated by Petitioner's receipt of actual notice with ample time to respond.

Under Trademark Rule 2.119(a), 37 C.F.R. § 2.119(a), every submission filed in an inter partes proceeding, except for the petition to cancel or notice of opposition, must be served upon the other party together with a certificate of service. All submissions must **actually** be served upon the other parties to the proceeding. *Cf., Equine Touch Found., Inc. v. Equinology, Inc.*, 91 USPQ2d 1943, 1944 n.5 (TTAB 2009) (finding under former Rule 2.111 that filer is responsible for actual forwarding of service copy, as ESTTA does not effect service for filer).[4] Trademark Rule 2.119(b), 37 C.F.R. § 2.119(b) requires service to be made via email.[5] The parties may agree to an alternative method of service, such as a file-hosting service, if email service is not practical.[6]

The automatically generated ESTTA filing notice does not constitute service and does not relieve a party of its obligation to serve a copy of any filing pursuant to the Rules; the filing notice and actual service of the submission are independent of one another. To be clear, the filer is always required to serve the other party. This **differs**

---

[4] Trademark Rules 2.101, 2.111 and 2.119 have since been amended to provide that service of the complaint is not required as it is effected by the USPTO.

[5] Trademark Rule 2.119(b) also allows for other means of service in certain instances, such as when service by email cannot be effected due to technical problems.

[6] *See* MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 69,950, 69,959 (Oct. 7, 2016) (Notice of Final Rulemaking).

from the rule in the federal courts, where the court's Case Management/Electronic Case Files (CM/ECF) system sends a similar filing notice that constitutes service upon registered users of the court's CM/ECF system under Federal Rule of Civil Procedure 5(b)(E).

Because Respondent did not effect proper service in accordance with Trademark Rule 2.119, Petitioner's motion to strike is **granted** and Respondent's motion to dismiss will not be considered.[7]

**Petitioner's Motion to Reopen**

Because it seeks to reopen a time period that has passed, Petitioner must show "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B). In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), as discussed by the Board in *Pumpkin, Ltd. v. Seed Corps*, 43 USPQ2d 1582 (TTAB 1997), the Supreme Court clarified the meaning and scope of "excusable neglect," as used in the Federal Rules of Civil Procedure and elsewhere. The Court held that the determination of whether a party's neglect is excusable is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . . [1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

---

[7] We note the Board may exercise its inherent authority under individual circumstances to consider a filing on the merits where service issues are present. *Carrini, Inc. v. Carla Carini, S.R.L.*, 57 USPQ2d 1067, 1071 (TTAB 2000) (inherent authority extends from Board's power to manage its docket, to prevent undue delays, and to regulate conduct of those who appear before it). Had we done so here, because we are granting Petitioner's motion to reopen, as discussed infra, we would deny the motion to dismiss.

*Pioneer*, 507 U.S. at 395. *See also FirstHealth of Carolinas, Inc. v. CareFirst of Md., Inc.*, 479 F.3d 825, 81 USPQ2d 1919, 1921 (Fed. Cir. 2007). In subsequent applications of this test, several courts and this Board have stated that the third *Pioneer* factor, namely the reason for the delay and whether it was within the reasonable control of the movant, is generally considered the most important factor in a particular case. *See Pumpkin,* 43 USPQ2d at 1587 n.7 and cases cited therein. *See also Luster Prods., Inc. v. Van Zandt*, 104 USPQ2d 1877, 1878 (TTAB 2012). The Board balances the reason for the delay with the other factors enumerated by the Supreme Court in *Pioneer* to take into account all relevant circumstances.

With regard to the first *Pioneer* factor, we find that there is no evidence of prejudice to Respondent, such as the unavailability of witnesses. *See Pumpkin*, 43 USPQ2d at 1587.[8] With regard to the fourth *Pioneer* factor, we find that there is no evidence of bad faith by Petitioner. These factors weigh in favor of a finding of excusable neglect.

With respect to the second *Pioneer* factor, namely the length of the delay and its potential impact on proceedings, the Board must evaluate the total length of the delay, including the time for the Board to consider the pending motions. *See Pumpkin*, 43 USPQ2d at 1588 (finding calculation of length of delay must include delay arising from time required for briefing and deciding motion to reopen). We find that the delay caused by Petitioner's failure to offer testimony or evidence during its testimony

---

[8] Petitioner represents in its motion that the two witnesses who were identified in initial disclosures, and whose discovery depositions were taken by Respondent, are the same two witnesses whose testimony affidavits were submitted together with Petitioner's motion to reopen and that the witnesses remain available for cross examination. 10 TTABVUE at 5-6.

period, and the parties' motions arising therefrom, is minimal. *See* Trademark Rule 2.127(a); 37 C.F.R. § 2,127(a). Further, Petitioner submitted its proposed testimonial affidavits and notices of reliance when it moved to reopen testimony. This factor weighs in Petitioner's favor as it is a relatively short period of time and Petitioner attempted to mitigate any delay.

We now turn to the third *Pioneer* factor. Petitioner's counsel argues that she was hospitalized with a serious medical condition on April 2, 2018, was intermittently hospitalized requiring medical leave since then, and that in her absence, only an inexperienced first-year associate was available to take over her duties in this case. In response, Respondent argues that Petitioner fails to explain why a medical condition that occurred in April had an effect on a June date for filing trial evidence, nor does it explain why the associate did not file a motion to suspend or extend if there was indeed a medical emergency.

We find, taking into account the totality of the circumstances of this specific case discussed in Petitioner's motion to reopen, that Petitioner's failure to take appropriate action prior to the close of its testimony period was not within Petitioner's reasonable control.[9] *Compare Volkswagenwerk AG v. Advance Welding and Mfg.*, 184 USPQ 367, 368 (TTAB 1974) (serious illness of primary counsel at time filing was due constitutes excusable neglect) *with FirstHealth of Carolinas, Inc. v. CareFirst of Md., Inc.*, 81 USPQ2d at 1921 (no excusable neglect where docketing error and attorney's

---

[9] While we find Respondent's reference to intermittent hospitalizations beginning in April to be sufficiently proximate to the relevant filing dates in this case, the better practice would be for counsel to provide more information including specific dates of hospitalization in a declaration under seal.

family matters caused delay, and no explanation as to why other authorized individuals could not have assumed responsibility for the case). However, the Board does expect that counsel for Petitioner has made preparations for improved staff coverage in the event illness intrudes again, and does not expect any delay to remaining trial periods or briefing. Accordingly, we find that the third *Pioneer* factor weighs in favor of a finding of excusable neglect.

Upon consideration and balance of the four *Pioneer* factors, we find that Petitioner's failure to timely act before the close of its testimony period was the result of excusable neglect.

In view thereof, Petitioner's motion to reopen its testimony period is **granted** to the extent that its testimony and evidence already filed is considered to be timely introduced into the record. Respondent's pretrial disclosures and testimony period, and Petitioner's rebuttal testimony period are reset as set out below.

**Schedule**

Proceedings are resumed. Dates are reset as set out below.

| | |
|---|---|
| Defendant's Pretrial Disclosures Due | 4/13/2019 |
| Defendant's 30-day Trial Period Ends | 5/28/2019 |
| Plaintiff's Rebuttal Disclosures Due | 6/12/2019 |
| Plaintiff's 15-day Rebuttal Period Ends | 7/12/2019 |
| Plaintiff's Opening Brief Due | 9/10/2019 |
| Defendant's Brief Due | 10/10/2019 |
| Plaintiff's Reply Brief Due | 10/25/2019 |
| Request for Oral Hearing (optional) Due | 11/4/2019 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony

periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

***